

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

1-800-659-8726
304-345-2200
FAX: 304-347-5104

FILED
JUL 27 2023
RORY PERRY, CLERK
U.S. District Court
Southern District of West Virginia

June 30, 2023

Timothy C. Carrico, Esq.
105 Capitol Street, Suite 300
Charleston, WV 25301

      Re:  United States v. Kyle Andrew Umstead
           Criminal No. 2:23-cr-00047 (USDC SDWV)

Dear Mr. Carrico:

This will confirm our conversations with regard to your client, Kyle Andrew Umstead (hereinafter "Mr. Umstead"). As a result of these conversations, it is agreed by and between the United States and Mr. Umstead as follows:

    1.  **PENDING CHARGES.** Mr. Umstead is charged in a single-count indictment with a violation of 18 U.S.C. §§ 2423(b) and (e) (travel to engage in illicit sexual conduct).

    2.  **RESOLUTION OF CHARGES.** Mr. Umstead will plead guilty to the single count of said indictment, which charges him with a violation of 18 U.S.C. §§ 2423(b) and (e).

    3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Umstead will be exposed by virtue of this guilty plea is as follows:

        (a)  Imprisonment for a period of 30 years;

        (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

        (c)  A term of supervised release of 5 years to life; and

                                                                KU
                                                             Defendant's Initials

Timothy C. Carrico, Esq.
June 30, 2023                                    Re: Kyle Andrew Umstead
Page 2

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014.

4. **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Umstead will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Umstead will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Umstead fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Umstead.

5. **ABANDONMENT OF PROPERTY.** Mr. Umstead hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in the cell phone seized from him at the time of his arrest on March 18, 2023, that is, one Samsung Galaxy 9 with a purple case, IMEI 354641092141079. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

6. **PAYMENT OF MONETARY PENALTIES.** Mr. Umstead authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Umstead agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea

                                                                                                                                                 _____
                                                                                                                                                Defendant's
                                                                                                                                                 Initials

Timothy C. Carrico, Esq.  
June 30, 2023                          Re: Kyle Andrew Umstead  
Page 3

agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Umstead further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Umstead authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Umstead shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Umstead agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

7. **COOPERATION.** Mr. Umstead will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Umstead may have counsel present except when appearing before a grand jury.

*KU*

8. **USE IMMUNITY.** Unless this agreement becomes void due

*KU*

_____  
Defendant's  
Initials

Timothy C. Carrico, Esq.
June 30, 2023                                    Re: Kyle Andrew Umstead
Page 4

to a violation of any of its terms by Mr. Umstead, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    9.    **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Umstead for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Umstead for perjury or false statement if such a situation should occur pursuant to this agreement.

    10.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Umstead stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Umstead agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Umstead or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Umstead knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot

_____
Defendant's Initials

Timothy C. Carrico, Esq.
June 30, 2023                                              Re: Kyle Andrew Umstead
Page 5

be used by the United States.

The United States and Mr. Umstead understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Umstead agree that the following provisions of the United States Sentencing Guidelines apply to this case.

<u>USSG §2G1.3</u>

| | |
|---|---|
| Base offense level | 24 |
| Use of Computer | + 2 |
| Sexual Contact | + 2 |
| Adjusted Offense Level | 28 |

*KU*

The United States and Mr. Umstead acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Umstead knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742. Mr. Umstead also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statutes of

*KU*

_____KU_____
Defendant's
Initials

Timothy C. Carrico, Esq.
June 30, 2023                          Re: Kyle Andrew Umstead
Page 6

conviction (18 U.S.C. § 2423(b) and (e)) are unconstitutional, and (2) Mr. Umstead's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the 18 U.S.C. § 2423(b) and (e). Mr. Umstead may appeal the following:

(a) a sentence that exceeds the maximum penalty prescribed by statute; and

(b) a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make an "upward departure" or "upward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

The United State also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, except:

(a) a sentence that is below the minimum penalty, if any, prescribed by statute; and

(b) The United States may appeal a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make a "downward departure" or "downward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

Mr. Umstead also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective

_____KU_____
Defendant's Initials

Timothy C. Carrico, Esq.
June 30, 2023                                    Re: Kyle Andrew Umstead
Page 7

assistance of counsel.

    13. **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Umstead knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    14. **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Umstead understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Umstead understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Umstead further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Umstead understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

    15. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)    Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)    Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

_____
Defendant's Initials

  (c) Respond to questions raised by the Court;

  (d) Correct inaccuracies or inadequacies in the presentence report;

  (e) Respond to statements made to the Court by or on behalf of Mr. Umstead;

  (f) Advise the Court concerning the nature and extent of Mr. Umstead's cooperation; and

  (g) Address the Court regarding the issue of Mr. Umstead's acceptance of responsibility.

16. **VOIDING OF AGREEMENT.** If either the United States or Mr. Umstead violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

17. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Umstead in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Umstead in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

WILLIAM S. THOMPSON
United States Attorney

By: *Jennifer Herrald* (signature)

Jennifer Rada Herrald
Assistant United States Attorney

_____
Defendant's Initials

Timothy C. Carrico, Esq.
June 30, 2023                    Re: Kyle Andrew Umstead
Page 9

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 9-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____       __7-5-23_____
Kyle Andrew Umstead                         Date Signed
Defendant

_____       __7-5-23_____
Timothy C. Carrico, Esq.                 Date Signed
Counsel for Defendant

_____
Defendant's
Initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                                    CRIMINAL NO. 2:23-cr-00047

**KYLE ANDREW UMSTEAD**

### STIPULATION OF FACTS

The United States and Kyle Andrew Umstead (hereinafter "I" or "me") stipulate and agree that the facts comprising the offense of conviction in the single-count indictment and relevant conduct include the following:

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

In late March 2022, I sent a direct message to a girl on Instagram.[1] I asked how old she was, and she told me she was 14 years old. Immediately after I learned her age, I asked if I "had a chance" with her. We communicated a bit more on Instagram and I gave her my phone number so we could text.

Over approximately the next year we engaged in text communications, many of which were sexual in nature. I repeatedly mentioned how much I liked having a 14-year-old girlfriend. I also regularly talked about traveling to meet her and have sex. She had previously advised me that she was a virgin, and I planned to be the first person to have sex with her. Over the course of our texting, I sent her over two dozen photos of my penis, as well as over a dozen videos of me masturbating. I also sent her pictures of sex toys that I thought she might like and discussed taking her to a sex shop when I traveled to West Virginia from my home in Pennsylvania. I also sent her numerous images of pornography depicting adults engaged in sexual activity and women engaged in bestiality with dogs. I suggested that she could try bestiality when I came to meet her. I also encouraged her to engage in sexual activity with her uncle, and I suggested that I could engage in a threesome with her and her uncle.

---

[1] The girl was an undercover law enforcement officer.

**PLEA AGREEMENT EXHIBIT A**

KU    On or about March 18, 2023, I traveled from my home in Douglasville, Pennsylvania, to meet the minor in Cross Lanes, Kanawha County, West Virginia. At the time I traveled I intended to engage in sexual activity with the minor, including sexual intercourse. When I arrived at the meeting location I was placed under arrest.

KU    At the time of my arrest I was in possession of a Samsung Galaxy 9 cell phone. That phone contained a substantial amount of pornography, including several images and videos depicting minors engaged in sexually explicit activity.

KU    This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement in the charges set forth in the indictment.

Stipulated and agreed to:

_____        7-5-23
KYLE ANDREW UMSTEAD                    Date
Defendant

_____        7/5/23
TIMOTHY C. CARRICO, ESQ.               Date
Counsel for Defendant

_____        7-11-23
JENNIFER RADA HERRALD                  Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2