```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                          **CRIMINAL NO. 2:23-cr-00047**

**KYLE ANDREW UMSTEAD**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America by Assistant United States Attorney Jennifer Rada Herrald and files this Sentencing Memorandum. The United States requests that the Court sentence defendant to a sentence at the top of the advisory guideline range of 78 months in prison to be followed by at least a 20-year term of supervised release.

**A. Overview**

Defendant, who was approximately 35 years old at the time of the offense, communicated for approximately a year with a girl he believed to be only 14 years old. During that time, he engaged in frequent conversations with the purported minor describing in graphic detail the sexual acts he wished to perform with her, which included oral sex, vaginal intercourse, and oral-anal contact. He frequently discussed taking the minor's virginity. During the course of their communication, defendant also sent the purported

14-year-old dozens of videos of his erect penis or himself masturbating, sometimes to the point of ejaculation.

Going beyond his plans to have sex with the child and sending her numerous sexually explicit images and videos of himself, defendant also sent the minor numerous videos of adult pornography, including women engaging in sex with dogs. He encouraged her to experiment with bestiality, even asking her whether she had access to a dog so that the dog could perform oral sex on her. He went on to encourage the minor to engage in incestuous sexual activity with her uncle and suggested that he could possibly engage in a threesome with her and her uncle. Such conduct goes well above the typical conduct seen in similar cases in this district where a defendant communicates with and then travels to meet a minor and calls for a sentence at the top end of the guidelines.

Also setting defendant apart from the mine-run of traveler cases is the fact that he also was in possession of child pornography on his cell phone. The majority of those who are arrested for trying to a meet a child for sex in this district have no history of collecting child pornography. This further justifies a sentence at the top end of the guideline range.

**B. Objections to the PSR**

Defendant has a pending objection to the calculation of his criminal history. The United States concurs with the probation officer that the conviction for driving without an interlock device

2

is more serious than simply driving without a license or on a suspended license. An interlock device is directly related to an extremely dangerous activity – driving under the influence of alcohol. This is fundamentally different than driving on a suspended license, as a driver's license can be suspended for driving-related violations that pose no danger whatsoever or significantly less danger than driving while intoxicated. In West Virginia, a driver's license can be suspended for even non-driving infractions such as a failure to pay unpaid court costs or fines or a failure to appear in court for a criminal offense. Given the minor technical violations that can lead to a suspended license, driving without a device that is intended to prevent a prior drunk driver from re-offending is significantly more dangerous and warrants a criminal history point.

It should also be noted that defendant would continue to have a Criminal History score of 2 even if his objection is sustained, so the outcome of the objection will not have an impact on his advisory guideline range.

### C. Sentencing Factors

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States asks that the Court consider the following:

(1) **The nature and circumstances of the offense.**

The offense of conviction is a serious one, involving defendant grooming a 14-year-old girl for a year before driving

3

several hours to meet her for sex. During that time frame, he sent numerous sexually explicit videos of himself masturbating and extremely degrading pornography depicting bestiality. He also encourage the 14-year-old girl to engage in sex with her uncle and bestiality with a dog. Defendant was consistently enthusiastic about engaging in sexual activity with the child and often referred to her young age as being extremely appealing to him.

Defendant's actions were egregious and his intent was clear – he was sexually aroused by a 14-year-old child and he engaged in extensive grooming of that child, including sending sexually explicit materials and proclaiming his love for her. The many aggravating circumstances related to defendant's conduct call for a sentence at the top end of his advisory guideline range of 78 months in prison.

> **(2) Need for sentence imposed to reflect seriousness of the offense, respect for the law, just punishment, adequate deterrence, and to protect the public.**

A sentence of 78 months reflects the seriousness of defendant's conduct while not being greater than necessary to provide just punishment. Defendant's unusually reprehensible conduct with a child in this case warrants a sentence at the top end of the guideline range. A sentence at the top end of that range also provides adequate deterrence to both defendant and the public at large.

**(3) Need to avoid unwarranted sentencing disparities.**

Defendant's conduct is significantly more egregious than the average traveler defendant. He sent dozens of obscene videos of his erect penis and himself masturbating to what he believed was a 14-year-old girl. He showed her bestiality pornography and encouraged her to engage in such depraved conduct. He also encouraged (and hoped to join in with) incestuous sexual activity between the minor and her uncle. Unlike most travelers arrested in this district, he possessed child pornography. A sentence at the top end of the guideline range is necessary to recognize the numerous aggravating factors that call for a more significant sentence than the average person convicted of a violation of 18 U.S.C. § 2423(b).

### C. Conclusion

The United States respectfully requests that the Court sentence defendant to a term of 78 months in prison to be followed by at least a 20-year term of supervised release.

```
                              Respectfully submitted,

                              WILLIAM S. THOMPSON
                              United States Attorney

                              /s/Jennifer Rada Herrald
                              JENNIFER RADA HERRALD
                              Assistant United States Attorney
                              WV Bar No. 12181
                              300 Virginia Street, East
                              Room 4000
                              Charleston, WV 25301
                              Telephone:  304-345-2200
                              Fax:  304-347-5104
                              Email: jennifer.herrald@usdoj.gov
```

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 5th day of January, 2024 to:

```
Tim Carrico, Esq.
CARRICO LAW OFFICES LC
105 Capitol Street, Suite 300
Charleston, WV 25301
Telephone: 304-347-3800
Fax: 304-347-3688
```

```
/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
Email: jennifer.herrald@usdoj.gov
```