## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT WEST VIRGINIA
## CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                                    **CASE NO**.: **2:23-CR-00047**

**KYLE ANDREW UMSTEAD.**

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Kyle Andrew Umstead, submits this memorandum outlining the various 18 U.S.C. § 3553(a) factors for the Court's consideration at his upcoming January 18, 2024, sentencing hearing.

**A.**   **No Legal Objections[1]:**

On July 27, 2023, Mr. Umstead pled guilty to a single count indictment to a violation of 18 U.S.C. § 2423(b) and (e) for travel to engage in illicit sexual conduct (Class B Felony).   The statutory maximum penalty is (30) years' imprisonment, supervised release of 5 years to life, up to a $250,000 fine, special assessments of $100 and $5,000.   In addition, it will be classified as a Tier II sex offender and be required to register for 25 years.

Mr. Umstead's advisory guideline range is 63 to 78 months based on a total offense level of 25 and criminal history category II (3 criminal history points).   He is subject to supervised release from (5) five years to life.   His advisory guideline fine range is $20,000 to $200,000.

Mr. Umstead asserts no legal objections to the PSR.

---

[1]Defendant withdraws his objection to receiving a criminal history point for operating a vehicle without an interlock device.

Page **1** of **5**

**B.      18 U.S.C. §3553(a) Factors for Consideration of Variance:**

**The nature and circumstances of the offense
and the history and characteristics of the defendant.**

Mr. Umstead was 34 years old at the time of the offense.   He fully cooperated with law enforcement and admitted to his guilt.   He timely entered a plea agreement and agreed to plead guilty to the single count indictment.   He expresses remorse for his conduct.

Mr. Umstead suffers from a substantial addiction to alcohol and controlled substances and was abusing methamphetamine daily at the time of the instant offense.

Mr. Umstead immediately voluntarily sought out and received a psychological evaluation. A copy of this evaluation report is provided under seal.   Mr. Umstead suffers from anxiety disorder, depressive disorder, alcohol use disorder, opioid use disorder, stimulant use disorder, and cannabis use disorder.   According to the evaluating psychologist he presents as average to reoffend.   His prognosis to perform under terms of supervised releasee is considered fair.

He has support from family and friends.   Please see two letters from friends attached hereto as Exhibits 1 and 2.

Mr. Umstead was recently attacked at the South-Central Regional Jail.   He was sucker punched and suffered from a concussion and a broken wrist.

The Court will have the ability to closely monitor Mr. Umstead's activities after he serves his sentence during a lengthy term of supervised release that would include continued participation in a sex offender treatment program with polygraph testing as well as other more stringent conditions over a longer period of time than a typical federal offender.

Mr. Umstead would ask the Court for a designation recommendation that he be housed in a BOP facility which has a sex offender treatment program.   The BOP's website indicates notes

that there are three such facilities located in the Eastern United States.   These would be FMC Devens, located in Devens, Massachusetts, FCI Elkton, located in Lisbon, Ohio; and FCI Petersburg, located in Hopewell Virginia.   He would ask for placement at FCI Elkton.

**The need for the sentence to reflect the seriousness of the offense,**
**to promote respect for the law, and to provide just punishment for the offense.**

Based on the circumstances surrounding the offense and relevant conduct, a sentence substantially less 63 to 78 months will reflect the seriousness of his offense, promote respect for the law, and provide just punishment.   It is important to note that Mr. Umstead will be subject to significant collateral consequences from his conviction.   He will be required to pay a mandatory special assessment of $5,000.00.   He will be required to register as a sexual offender for at least 25 years.   He will lose substantial rights including the right to vote, participate on a jury, and possess a firearm.   He will be subject to supervised release for five years to life with special restrictive terms and conditions.

**The need for the sentence to afford adequate deterrence to criminal conduct.**

By granting Mr. Umstead a variance sentence his sentence will still be significant and provide adequate deterrence to criminal conduct.

**The need for the sentence to protect the**
**public from further crimes of the defendant.**

A variance sentence will still protect the public from further crimes by Mr. Umstead. Upon his release from custody, Mr. Umstead will be on supervised release from (5) five years to life with restrictive terms and conditions.

**The need for the sentence to provide the defendant with needed educational or vocational**
**training, medical care, or other correctional treatment in the most effective manner.**

Mr. Umstead seeks placement at FCI Elkton, which has programs for similar types of offenders.

**The kinds of sentences available.**

See PSR.

**The kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set for in the guidelines issued by the sentencing commission that are in effect on the date the defendant is sentenced.**

Mr. Justice's advisory guideline range is 63 to 78 months and a fine of $20,000 to $200,000.

**Any pertinent policy statements**

None.

**The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Mr. Umstead would ask the Court to appropriately consider sentences it has imposed in other similar cases when sentencing Mr. Umstead.

**The need to provide restitution to any victims of the offense.**

The offense had no identifiable victim.

In conclusion, Mr. Umstead respectfully submits that the sentencing factors under 18 U.S.C. § 3553(a) warrant consideration of a variance of sentence.   .

Respectfully submitted this 5th day of January 2024.

**KYLE UMSTEAD**

**RESPECTFULLY SUBMITTED,**

**KYLE UMSTEAD**
**DEFENDANT**

**By Counsel,**


　/s/Tim C. Carrico
**Tim C. Carrico (WVSB #6771)**
**CARRICO LAW OFFICES, LC**
**1554 Kanawha Blvd. East, Ste. 100**
**Charleston, West Virginia 25301**
**Phone: (304) 347-3800**
**Fax: (304) 347-3688**
**Email: tcarrico@carricolaw.com**